**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Armando Andres Ortiz, | No. CV-17-00623-TUC-JGZ |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, | |
| Respondent. | |

Pending before the Court is Magistrate Judge D. Thomas Ferraro's Report and Recommendation (R&R) recommending that the District Court deny and dismiss Armando Andres Ortiz's Petition for Writ of Habeas Corpus. (Doc. 22.) Ortiz filed an objection, and the State filed a response.  (Docs. 23, 24.)

After an independent review of the parties' briefing and of the record, the Court will adopt Magistrate Judge Ferraro's recommendation in part, and deny and dismiss Ortiz's petition.

**STANDARD OF REVIEW**

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that

1   is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *see also* 28

2   U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to de novo

3   review of evidence or arguments which are raised for the first time in an objection to the

4   report and recommendation, and the Court's decision to consider newly-raised arguments

5   is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*,

6   231 F.3d 615, 621-622 (9th Cir. 2000).

7                                      **DISCUSSION**

8   **I.    Background**

9           Following a jury trial, Ortiz was convicted of two counts of aggravated assault, one

10  count of burglary in the first degree, and two counts of attempted second-degree murder.

11  (Doc. 22, p. 2.) The Arizona Court of Appeals described the facts underlying Petitioner's

12  state court convictions as follows:

13          One night in December 2011, Ortiz entered a convenience store with another
            individual and took two cases of beer from the cooler. After they left the
14          store without paying for the beer, S.S., a private security guard, confronted
            and "grabbed" Ortiz outside the door. Ortiz began striking the guard in the
15          face, and seconds later, a second security guard, J.W., emerged from the
            store, sprayed Ortiz with pepper spray, and attempted to wrestle him to the
16          ground. At some point during the struggle, Ortiz produced a handgun and,
            saying "I am not going back to jail" and "I am going to f---ing kill you," fired
17          five rounds, one of which struck S.S. in the hand.

18  (Doc. 22, pp. 1-2.) [1]

        _____

19          [1] Ortiz objects to the recitation of the underlying facts as stated by the Arizona Court
20      of Appeals. (Doc. 23, pp. 12-13.) Ortiz argues that the evidence at trial did not include
        evidence as to his ineffective assistance of counsel claim, and such evidence must be
21      evaluated by a "totality of the evidence," rather than "in the light most favorable to sustain
        the challenged convictions." (*Id.*) In addition, Ortiz argues that the trial and appellate courts
22      only considered the victim's self-serving testimony, failing to acknowledge the conflicting
        testimony of witness J.B., which was corroborated by video evidence. (*Id.* at 13.)
23          The Court relies on the statement of facts from a state appellate court for its
        preliminary summary of facts. The appellate court's factual findings are "afforded a
24      presumption of correctness that may be rebutted only by clear and convincing
        evidence." *Moses v. Payne*, 555 F.3d 742, 746 n.1 (9th Cir. 2009); *see* 28 U.S.C. §
25      2254(e)(1). Ortiz points to conflicting trial testimony which supports two different versions
        of the facts, one of which supports the appellate court's summary of the facts. (Doc. 23, p.
26      13.) This conflicting evidence does not constitute clear and convincing evidence that
        rebuts the appellate court's statement of facts. As far as Ortiz's argument that the Court
27      should apply a different standard of review of the evidence in evaluating his ineffective
        assistance of counsel claim, the Court is aware of the applicable standards of review. In
28      any event, in light of the Court's conclusion that trial counsel's conduct did not fall below
        objective standards of reasonableness, Ortiz's objection is moot. Additionally, to the extent
        Ortiz's objection relates to claim 3(n), it is procedurally defaulted for the reasons set forth

On direct appeal, Ortiz's convictions for attempted second-degree murder were vacated due to an erroneous jury instruction that misstated the law. (*Id.* at 2; Doc. 11-1, p. 12.) Ortiz then challenged his remaining convictions and sentences on collateral review. (Doc. 22, pp. 2-3.) The PCR court denied relief, but the Arizona Court of Appeals reversed in part.  (*Id.* at 3-4.) The appeals court concluded Ortiz stated a colorable claim of ineffective assistance of counsel based on trial counsel's failure to challenge the omission of a jury instruction that identified an exception to the burglary charge and counsel's statement to the jury that Ortiz was guilty of every element of burglary. (*Id.* at 5.) The appeals court remanded the case to the PCR court for an evidentiary hearing on that ineffective assistance of counsel claim.  (*Id.* at 5-6.)

On remand, the State moved to dismiss the burglary charge, and the PCR court entered judgment vacating the burglary conviction and sentence, and affirming the remaining convictions and sentences for aggravated assault. (*Id.* at 6.)  Because of the dismissal of the burglary charge, no evidentiary hearing was held.

## II.    Analysis

In his Petition for Writ of Habeas Corpus, Ortiz challenges his aggravated assault convictions and sentences. Ortiz raises four grounds for relief with each ground containing numerous claims. The claims are categorized as 1(a)-(c), 2(a)-(g), 3(a)-(s), and 4(a)-(d), and are fully set forth in the R&R. (Doc. 22, pp. 6-11.) The Court  will utilize the R&R's description and categorization of the claims, which were advanced by the parties in their filings.

### A. Ground One

#### 1.  Claims 1(a), 1(b), and 1(c) are Procedurally Defaulted

The Magistrate Judge recommends dismissing claims 1(a), 1(b), and 1(c) as procedurally defaulted. (Doc. 22, pp. 13-20.) Ortiz admits that he did not exhaust his Ground 1 claims, but asserts that the procedural default of the claims should be excused for cause under *Martinez v. Ryan*, 566 U.S. 1 (2012). (Doc. 23, p. 18.)  Ortiz,  however,

in Section II(C)(1).

raised this argument for the first time in his Objection to the R&R. Although this Court has discretion to consider an issue raised for the first time in an objection, *Brown*, 279 F.3d at 744, the Court declines to do so.

Even if the Court were to consider Ortiz's *Martinez* argument, it would not succeed because *Martinez* is inapplicable to claims 1(a), 1(b), and 1(c). In *Martinez*, the Supreme Court held that "when a State requires a prisoner to raise a claim of ineffective assistance at trial in a collateral proceeding, a prisoner may establish cause for a procedural default of such claims" when the prisoner was not represented by counsel in the initial-collateral proceedings or when counsel in the initial-collateral proceedings was ineffective in raising the claim. *Martinez*, 566 U.S. at 14. The *Martinez* holding only applies to excuse the procedural default of ineffective assistance of counsel claims, *id.* at 17, and thus, would not apply to claims 1(a) and 1(b). Further, *Martinez's* holding only applies to excuse procedural defaults occurring in initial-review collateral proceedings. *Id.* at 16 ("The holding in this case does not concern . . . appeals from initial-review collateral proceedings[.]"). Here, Ortiz raised each of his Ground One claims in the initial-collateral proceedings, but procedurally defaulted all the claims when he failed to properly raise them on appeal. (Doc. 22, p. 15.) Accordingly, the Court will adopt Magistrate Judge Ferraro's recommendation and dismiss claims 1(a), 1(b), and 1(c) as procedurally defaulted without cause.

**B. Ground Two**

**1. Claims 2(b) and 2(c) are Without Merit**

The Magistrate Judge recommends dismissing claims 2(b) and 2(c) for lack of merit. (Doc. 22, p. 24.) Claims 2(b) and (c) raise issues of ineffective assistance of trial counsel with respect to the defense of the burglary charge.  They are the same claims which the Arizona Court of Appeals found colorable, and the PCR court resolved by dismissing the burglary conviction on the State's motion. The Magistrate Judge concluded that Ortiz received the most comprehensive relief available from any ineffective assistance his trial counsel may have rendered because the burglary charge was dismissed, thereby remedying

any prejudice to Ortiz from counsel's conduct. (*Id.*)

Ortiz objects to the R&R, asserting that the Arizona Court of Appeals "implicitly and explicitly found [his] trial counsel to be ineffective" when it determined that he had a colorable claim for relief of ineffective assistance of counsel as to his burglary conviction, and therefore he should not have to prove prejudice again. (Doc. 23, p. 19.)  Ortiz asserts that "since [his] counsel was found to be ineffective the result of the proceeding is unreliable so the aggravated assault convictions cannot remain in full force and effect." (Doc. 23, p. 21.)

Ortiz's arguments are legally and factually incorrect.  First, no findings were made that trial counsel was ineffective. Ortiz's ineffective assistance of counsel claims might or might not have been proven meritorious had an evidentiary hearing occurred.  However, a hearing was unnecessary because Ortiz received full relief on his claim: his burglary conviction was vacated as well the corresponding sentence.

Second, even if counsel had been found to be ineffective in failing to object to the burglary instruction and in erroneously telling the jury Ortiz was guilty of each of the elements of the burglary charge, Ortiz fails to show how these errors prejudiced him with respect to the aggravated assault convictions.  There is no support for Ortiz's conclusion that the fundamental fairness of all of the proceedings is questionable based on the alleged errors by counsel with respect to proof of the elements of the burglary charge.[2] Ortiz must show a reasonable probability that, but for counsel's alleged errors, the result of the proceeding as to the aggravated assault charges would have been different. *See Strickland v. Washington*, 466 U.S. 668, 691 (1984) (stating that a judgment may not be set aside "if the error had no effect on the judgment").  He fails to do so, and the existing record shows otherwise. As stated by the Arizona Court of Appeals: "[w]e find no reasonable probability

_____

[2]  Ortiz asserts in claim 3(e) that the court of appeals' conclusion that he was not prejudiced as to his aggravated assault charges due to trial counsel's errors with regard to the burglary charge is not definitive because no evidentiary hearing was held. (Doc. 22, p. 8.) Ortiz, however, fails to identify any proposed evidence that would support his claim of prejudice.  Moreover, as an additional basis for overruling Ortiz's objection to dismissal of Claim 3(e), Ortiz procedurally defaulted this claim by failing to raise it in his PCR petition and petition for review.  (Doc. 22, p. 16.)

Ortiz would have been acquitted of the aggravated assaults had counsel performed differently and that counsel had not been ineffective in failing to pursue a claim of self-defense." (Doc. 22, p. 25; *see also* Doc. 22, pp. 29-31 (trial court concluded counsel was not ineffective in conceding the aggravated assault charges because there was overwhelming evidence that Petitioner committed aggravated assault).) The Court will therefore dismiss claims 2(b) and 2(c).

### 2. Claims 2(a), 2(d), 2(e), 2(f), and 2(g) are Procedurally Defaulted, Non-Cognizable, or Not Claims.

The Magistrate Judge recommends that claims 2(a), 2(d), 2(e), 2(f), and 2(g) be dismissed because they are procedurally defaulted, non-cognizable, or not claims. (Doc. 22, pp. 11-13, 15-18.) Ortiz fails to advance any specific objection to the recommended dismissal of these claims. Accordingly, the Court will adopt the recommendation and dismiss these claims. *See Thomas,* 474 U.S. at 149; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

### C. Ground Three

### 1. Claims 3(d), 3(e), 3(g), 3(h), 3(i), 3(m), 3(n), and 3(o) are Procedurally Defaulted

The State argued and the Magistrate Judge recommends that claims 3(d), 3(e), 3(g), 3(h), 3(i), 3(m), 3(n), and 3(o) be dismissed as unexhausted and procedurally defaulted. (Doc. 10, pp. 20-23; Doc. 22, pp. 13, 16-17, 21.) Ortiz did not raise these claims in his PCR petition or in his petition for review in the state court of appeals. (Doc. 22, pp. 16, 20.)[3] In his Reply in this case, Ortiz argues for the first time that default of claim 3(d) should be excused under *Martinez*. (Doc. 16, pp. 7-10.) In his Objection to the R&R, Ortiz argues that all claims under Ground 3 are related to the same claim, he is not a trained lawyer, and *Martinez* should apply.[4] (Doc. 23, p. 12.) Ortiz asserts that his Ground 3 IAC

---

[3] Ortiz asserts that he raised claim 3(d) in state court in his Rule 32 reply brief and incorporated it by reference when he requested the appellate court to review the entire Rule 32 proceeding. (Doc. 16, p. 7.) Ortiz was required to raise the claim in his Rule 32 petition and in his petition for review.

[4] The Objection contains the first instances in which Ortiz argued that *Martinez*

1    claims are substantial.

2        The Magistrate Judge concluded that Ortiz failed to exhaust his Ground 3 claims,

3    failed to provide any explanation for his failure to exhaust the claims, and *Martinez* did not

4    excuse the default because Ortiz failed to show that Ground 3 was a substantial claim as

5    required by *Martinez*. (Doc. 22, pp. 20-21.)  Under *Martinez*, a prisoner has the burden to

6    demonstrate that his claims have "some merit" in order to excuse default. 566 U.S. at 14.

7    In his Objection, Ortiz simply restates the requirements of *Martinez* and asserts that

8    *Martinez* should apply to all of his defaulted claims. (Doc. 23, p. 12.) This is insufficient.

9        In Claim 3(d), Ortiz asserts that his trial counsel was ineffective in failing to elicit

10   testimony that would establish facts relevant to Ortiz's claim of self-defense to the assault

11   charges. (Doc. 22, pp. 8-10.)  Ortiz argues that his trial counsel failed to "investigate laws

12   and avoided facts [and] failed to develop them on the record."[5] (*Id.* at 19.)  This Court

13   agrees with and adopts Magistrate Judge Ferraro's finding that that "record establishes that

14   the jury was instructed on self-defense which belies Petitioner's assertion that his counsel

15   'didn't investigate the laws and avoided the facts [and] failed to develop them.'" (*Id.*)

16   Moreover, transcripts of interviews submitted by Ortiz show that counsel did investigate

17   before trial. (Doc. 23, pp. 14-16.) Although Ortiz argues that it was "patently unreasonable"

18   for counsel to request a self-defense instruction during trial, (doc. 23, p. 17), jury

19   instructions are often requested during trial because they must have "foundation in the

20   evidence." *See United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2003) ("[A] party is

21   entitled to an instruction to help it prove its theory of the case, if the instruction is

22   'supported by law and has foundation in the evidence.'" (citation omitted)).

23        Accordingly, the Court will adopt the recommendation that claims 3(d), 3(e), 3(g),

24   3(h), 3(i), 3(m), 3(n), and 3(o) be dismissed.

---

25   should be applied to excuse the procedural default of claims 3(e), 3(g), 3(h), 3(i), 3(m),
26   3(n), and 3(o).  The Court need not address this new argument. *Brown*, 279 F.3d at 744.

27   [5]Some of Ortiz's assertions of IAC in Ground 3 relate to trial counsel's alleged
     failure to properly defend charges other than the aggravated assault charges.  (Doc. 22, p.
28   8-10.) The Court does not address the allegations which pertain to the burglary and second-
     degree murder charges as those convictions have been vacated and Ortiz fails to identify
     any overlap in the charges.

1

2.  **Claims 3(a), 3(b), 3(c), 3(f), 3(i) 3(j), 3(k), 3(l), 3(m), 3(p), 3(q), 3(r), and**

2

**3(s) are Either Non-Cognizable or Without Merit**

3

The Magistrate Judge recommends that claims 3(a), 3(b), 3(c), 3(f), 3(i), 3(j), 3(k),

4

3(l), 3(m) 3(p), 3(q), 3(r), and 3(s) be dismissed because they are non-cognizable or without

5

merit. (Doc. 22, pp. 11-12, 25-30.) The parties do not object to the Magistrate Judge's

6

recommendation. Accordingly, the Court will adopt the recommendation and dismiss the

7

claims. *See Thomas,* 474 U.S. at 149; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

8

**D.  Ground 4**

9

**1.  Claim 4(b)**

10

In Claim 4(b), which the Magistrate Judge concluded was exhausted, Ortiz alleges:

11

Trial counsel was ineffective for failing to submit a memo on the issue of

12

aggravating factors as the trial court judge requested. If not for counsel's "unprofessional error," [Petitioner] "would not have received a mandatory

13

20[-]year flat time sentence because the State had already waived the opportunity to present the aggravating factor to the jury, so there is a

14

reasonable opportunity of a different outcome.

15

(Doc. 22, p. 10.)  In his Petition, Ortiz argued that counsel should have submitted a memo

16

asserting that the trial court was not authorized to make the finding that Ortiz was "on

17

release," because that finding raised the maximum sentence he could receive from 11.25

18

years to 20 years. (Doc. 1, pp. 27-29.)

19

The Magistrate Judge found that Ortiz failed to establish that his trial counsel's

20

conduct fell below objective standard of reasonableness. (Doc. 22, p. 31-32.) The

21

Magistrate Judge agreed with the Arizona Court of Appeals that the case law at the time

22

authorized the trial court to make the "on release" finding. (*Id.*) Additionally, the

23

Magistrate Judge found that Ortiz failed to establish prejudice because the 20-year sentence

24

was the presumptive sentence for his aggravated assault convictions based on an

25

enhancement for his two prior convictions. (*Id.* at 32.)  Finally, the Magistrate Judge noted

26

that the trial court did not find any mitigating factors that would have entitled Ortiz to a

27

sentence less than the presumptive. (*Id.* at 32-33.)

28

Ortiz objects to the Magistrate Judge's factual finding that Ortiz was sentenced to a

presumptive term of 20 years and to the Magistrate Judge's legal conclusion that he failed to show that counsel was ineffective.  (Doc. 23, pp. 2-10.)

The Court concludes that the Magistrate Judge erred in finding that the trial court sentenced Ortiz to a presumptive 20-year sentence, but agrees with the Magistrate Judge that Ortiz's counsel's conduct did not fall below an objective standard of reasonableness.

### i.  Ortiz was Sentenced to the Maximum Term of Twenty Years

In the R&R, the Magistrate Judge concluded Ortiz was sentenced to the presumptive term of 20 years pursuant to A.R.S. § 13-704(E). Ortiz denies that he was sentenced pursuant to A.R.S. § 13-704(E) and argues that he received the maximum sentence, not a presumptive sentence. (Doc. 23, pp. 2-5.) The State does not dispute Ortiz's factual assertions.  The record supports Ortiz's objection, which the Court will sustain.

The sentencing court found that Ortiz's assault convictions were Class 3 felonies and his two prior historical convictions included a Class 3 and a Class 5 felony. (Doc. 13-6, pp. 17-18, 21; Doc. 11, pp. 25-30.) Ortiz could not legally have been sentenced under A.R.S. § 13-704(E), which sets a presumptive sentence of 20 years, because that statute applies only to a person who has two historical prior convictions that are both Class 1, 2, or 3 felonies. Ortiz only had one such prior felony.

The sentencing minute entry cites A.R.S. §§ 13-703(J), 13-704 and 13-708(B), as support for the court's imposition of the "**maximum term** of TWENTY (20) YEARS" for each aggravated assault conviction.  (Doc. 11, p. 25-30 (emphasis added).)  Section 13-703(J) applies to category 3 repetitive offenders[6] and sets a presumptive sentence of 11.25 years and a maximum sentence of 20 years. Section 13-704, which applies to dangerous offenders, allows the sentencing court to mitigate or aggravate the presumptive term pursuant to A.R.S. § 13-701, which in turn provides for aggravation of a sentence upon the court finding the defendant was previously convicted of a felony within the ten years

---

[6] Ortiz was a category 3 repetitive offender because he was at least 18 years of age, had "been tried as an adult and stands convicted of a felony and has two or more historical prior felony convictions." A.R.S. § 13-703(C). All citations to the Arizona Revised Statutes are to the statutes in effect at the time of Ortiz's April 2013 sentencing.

immediately preceding the date of the offense. Section 13-708(B) requires a court to impose the maximum sentence when a defendant convicted of a dangerous offense committed that offense while on release.[7] The Minute Entry contains two bases for imposition of the maximum sentence of 20 years:  (1) the court's finding "defendant's criminal history" as an aggravating circumstance, and (2) the court's finding that Ortiz was on parole at the time of the instant offense, a serious offense. (Doc. 11, pp. 25-26.)  Based on the foregoing, the Court agrees with Ortiz that he was sentenced to the maximum term of 20 years for each aggravated assault conviction.

### ii.  Claim 4(b) is Without Merit

Ortiz objects to the Magistrate Judge's conclusion that counsel was not deficient for failing to argue that a jury was required to find that he was on release before the court could impose the maximum 20-year sentence. He asserts that the Arizona Court of Appeals' reliance on *State v. Large*, 234 Ariz. 274 (App. 2014), and *Alleyne v. United States*, 570 U.S. 99 (2013), in rejecting his argument was erroneous because those cases established that the jury must make findings that raise the mandatory *minimum* sentence. (Doc. 23, p. 7-10.) Ortiz argues that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), which were in effect at the time of his sentencing, clearly established that the jury was required to make the "on release" finding because that finding raised the *maximum* sentence the court could, and did, impose.

In *Apprendi*, the Supreme Court held that "*other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum*

---

[7] Section 13-708(B) provides:

A person who is convicted of a dangerous offense that is committed while the person is on release or has escaped from confinement for a conviction of a serious offense as defined in § 13-706, an offense resulting in serious physical injury or an offense involving the use or exhibition of a deadly weapon or dangerous instrument shall be sentenced to the maximum sentence authorized under this chapter and is not eligible for suspension or commutation or release on any basis until the sentence imposed is served. If the court finds that at least two substantial aggravating circumstances listed in § 13-701, subsection D apply, the court may increase the maximum sentence authorized under this chapter by up to twenty-five percent.

1    must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490

2    (emphasis added). In *Blakely*, the Supreme Court explained that "the 'statutory maximum'

3    for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of

4    the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303. In

5    Arizona, the "statutory maximum" for purposes of *Blakley* is the presumptive,

6    unaggravated sentence. *State v. Martinez*, 210 Ariz. 578, 583-84 (2005).

7         *Apprendi* and *Blakely* do not establish that Ortiz's counsel was deficient.  For one

8    thing, to the extent that the sentencing court imposed the maximum sentence based on

9    Ortiz's prior criminal history, the cases are not applicable.  *Apprendi* excepted from the

10   requirement of factual finding by the jury, "the fact of a prior conviction."  530 U.S. at 490.

11   Thus, the sentencing court permissibly relied on Ortiz's "criminal history," to impose the

12   maximum sentence.  A.R.S. §§ 13-704, 13-701. There was no constitutional error or

13   prejudice to Ortiz.  Ortiz does not argue otherwise.

14        Even if the sentencing court imposed the maximum sentence based on its own

15   finding that Ortiz was on parole at the time of the offense, *Apprendi* and *Blakely* do not

16   demonstrate that Ortiz's counsel was deficient in failing to argue that a jury finding was

17   necessary.  This is because the then-existing law permitted the court to make the "on

18   release" finding.  In *Harris v. United States*, 536 U.S. 548 (2002), the Supreme Court held

19   that "[j]udicial factfinding in the course of selecting a sentence within the authorized range

20   does not implicate the indictment, jury-trial, and reasonable-doubt components of the Fifth

21   and Sixth Amendments." *Id.* at 558.  The *Harris* court concluded: "The Judge may impose

22   the minimum, the maximum, or any other sentence within the range without seeking further

23   authorization from those juries—and without contradicting *Apprendi*." *Id.* at 565.

24   Following this precedent, the Arizona Supreme Court held that "facts that limit a judge's

25   sentencing discretion *within the prescribed statutory range*, such as those that compel

26   imposition of a mandatory minimum sentence, may be found by the judge rather than

27   juries." *Martinez*, 210 Ariz. at 582 (citing *Harris*, 536 U.S. at 567) (emphasis in original).

28   In light of his prior convictions, Ortiz's prescribed statutory range included a presumptive

sentence of 11.25 years, a maximum sentence of 20 years, and an aggravated sentence of 25 years. *See* A.R.S § 13-703(J).  The trial court sentenced Ortiz within this range, in accordance with then-existing law.  Because the "on release" finding did not increase the statutory maximum to which Ortiz was otherwise exposed based on his prior convictions, the court's finding did not offend *Apprendi*.

Although *Harris* has now been overruled, Ortiz fails to show that counsel was ineffective in failing to raise an argument in contravention of binding precedent in effect at that time.  *See Baumann v. United States*, 692 F.2d 565, 572 (1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel."); *Coley v. Bagley*, 7006 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.").  Accordingly, the Court will dismiss claim 4(b).

### 2.  Claim 4(a) is Procedurally Defaulted

The Magistrate Judge recommends that claim 4(a) be dismissed as procedurally defaulted. (Doc. 22, p. 16.) In a sparse objection, Ortiz asserts that he raised this claim, that it is sufficiently intertwined with the other claims, and that *Martinez* should excuse the default. (Doc. 23, p. 11.) Ortiz fails to show that his claim is exhausted or that his failure to exhaust should be excused. Moreover, even if Ortiz had exhausted the claim, the Court would conclude it was without merit.  Claim 4(a) is essentially the same claim as claim 4(b), which the Court considered and rejected in Section II(D)(1) above. Claim 4(a) would fail on the merits for the same reasons.  Accordingly, the Court will adopt the Magistrate Judge's recommendation and dismiss claim 4(a).

### 3.  Claims 4(c) and 4(d) are Non-Cognizable

The Magistrate Judge recommends dismissing claims 4(c) and 4(d) as non-cognizable. (Doc. 22, pp. 11, 13.) Neither party objects to this conclusion although Ortiz asserts that these claims are "relevant" to other claims.  (Doc. 23, p. 11.)  Accordingly, the Court will adopt the recommendation and dismiss claims 4(c) and 4(d). *See Thomas,* 474 U.S. at 149; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

1

2
## II.      Denial of Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability (COA) must issue. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id*. Applying these standards, the Court concludes that a certificate should not issue, as the resolution of the petition is not debatable among reasonable jurists.

## III.     Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Report and Recommendation (Doc. 22) is **ADOPTED IN PART**, as set forth in this order.

**IT IS FURTHER ORDERED** that Ortiz's Petition for Wirt of Habeas Corpus (Doc. 1) is **DENIED AND DISMISSED** with prejudice. The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that the "Motion in Arrest of Judgment and Motion to Request the Court Rule on a Previous Motion" (Doc. 26) is **DENIED** as moot.

Dated this 4th day of March, 2021.

Honorable Jennifer G. Zipps
United States District Judge